IN THE MATTER OF HARRY A. DUCKWORTH, AN ATTORNEY-AT-LAW.

Argued April 26, 1966—Decided June 6, 1966.

*Mr. Richard D. Sutton* for the order to show cause.

*Mr. Harry A. Duckworth pro se.*

The opinion of the court was delivered

PER CURIAM. Harry Krischer and Dr. Abraham Shechtman retained respondent to represent them on the purchase of a tract of land. The sum of $10,000 was entrusted to re-

spondent to be transmitted to the seller as a deposit as soon as certain known title problems were resolved.

Respondent says he understood initially that he represented Krischer alone, and learned later that Shechtman had an interest in the deal. In any event, the check for the sum of $10,000 mentioned above, payable to "Harry A. Duckworth, Trustee," was signed by both Krischer and Shechtman. It was dated August 12, 1960.

Since the buyers understood there were title problems, the passage of time was not disturbing. However, about a year after the $10,000 was left with respondent, Krischer spotted an "ad" in a New York paper which seemed to relate to the same property, and inquiry confirmed this was so. Krischer and Shechtman engaged new counsel and executed a new contract to buy the property. Krischer called upon respondent for the moneys entrusted to him, and in September 1961 respondent sent his check for $10,000 which, however, was returned for insufficient funds.

In November 1961 Shechtman met respondent who promised to make good but said he was short of funds. Respondent paid $4,000 on account, and gave Krischer notes for the balance, the first, due in April 1962, being later returned unpaid. In December 1962 Krischer and Shechtman filed their complaint with the Ethics Committee. The hearings were held on June 24, 1963 and February 24, 1964. By the time of the hearings, the balance due the clients had been repaid.

Respondent testified there was an agreement between Krischer, the real estate broker, and respondent for a three-way split of the commissions; that Krischer wanted to delay the transaction; that when respondent protested against the delay, saying he wanted to obtain his share of the commissions, Krischer authorized him to use some of the trust deposit. Krischer had died in February 1963, before respondent gave that testimony.

Respondent's own testimony undercuts this unsubstantiated claim of authority to use the trust moneys, for he admits using some of the moneys before the title binder was received

and thus at a time when the delay could not be attributed to a desire of Krischer to stall the transaction. At the oral argument before us, respondent, having said he withdrew about $6,000 on Krischer's authorization, was asked whether the balance of $4,000 remained in his trustee account. He represented that those moneys did remain there. We directed a further investigation which revealed this representation was untrue; that during the 12 months following his receipt of the $10,000, respondent's bank balance was generally substantially below $4,000, being as low as $43.90 on March 27, 1961. In fact, by September 19, 1960, long before the title binder issued, respondent's trust account was down to $657.16.

Respondent was then given a further opportunity to explain this shortage. He attributed the situation to the inefficiencies of former secretaries, none of whom, he said, could be located. He said that because of poor bookkeeping some $15,000 was overexpended on behalf of a client. This assertion was wholly undocumented; the critical checks and the key ledger sheets which would bear upon this naked assertion were unaccountably missing from his records.

It is perfectly clear that respondent intentionally misappropriated moneys deposited with him, and did so almost forthwith. It is clear also that he did so at the risk to his clients of a business transaction which fortuitously was saved. We find no ameliorating circumstance in respondent's testimony, nor any hope therein that he could again be entrusted with the responsibilities of a member of the bar.

An order for disbarment will be entered.

*For disbarment* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, HALL and SCHETTINO — 5.

*Opposed* — None.